UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | ED CV 05-868-RGK (OPx) | Date | October 6, 2006 |
|---|---|---|---|
| Title | *JOHN DEHAAN, et al. v. MJM INVESTIGATIONS, INC., et al.* | | |

Present: The Honorable R. GARY KLAUSNER, U.S. DISTRICT JUDGE

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:　　　　Attorneys Present for Defendants:

Not Present　　　　Not Present

Proceedings: (IN CHAMBERS) PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION (DOCKET ENTRY 178); DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, PARTIAL SUMMARY ADJUDICATION (DOCKET ENTRY 190)

I. **INTRODUCTION**

On September 15, 2005, named Plaintiffs John DeHaan ("DeHaan") and Cheri Freedman ("Freedman") (collectively "Plaintiffs") filed a class action lawsuit against Defendants MJM Investigations, Inc. ("MJM") and Michael J. Malone.[1] Plaintiffs alleged claims for unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages on behalf of themselves, and others similarly situated. Plaintiffs are suing, as non-exempt employees, for alleged violations of the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. §§ 207, 211(c), and 216(b) and California's Unfair Competition Law ("UCL") under Cal. Bus. & Prof. Code §§ 17200-17208.

Plaintiffs now seek summary adjudication against MJM on three issues: (1) liquidated damages; (2) MJM's alleged failure to keep proper records; and (3) MJM's liability for violating the FLSA. MJM also made a cross motion for summary judgment on the grounds that DeHaan is exempt from the overtime pay provisions of the FLSA, and that Freedman received overtime pay for all hours she worked as reported on her time sheets to MJM. Both motions are currently before the Court. For the following reasons, the Court denies in part, and grants in part, both Motions.

---

[1] On March 6, 2006, the Court granted Defendant Michael J. Malone's Motion to Dismiss for Lack of Personal Jurisdiction.

## II. FACTUAL BACKGROUND

The following facts are undisputed, unless otherwise stated[2]:

Defendant MJM is an investigations company that was founded in 1989 by Michael J. Malone, and specializes in the investigation and surveillance of insurance claims. (Compl. ¶ 5). MJM is licensed to do business in all fifty states and maintains a significant presence in California which also serves as its West Coast Service Center. (Compl. ¶ 5). MJM provides claims investigative services to its clients, which include insurance carriers, self-insured corporations, third-party administrators, and insurance defense law firms. (Compl. ¶ 5; Faggart Decl. ¶ 4; Desai Decl. ¶ 2).

As alleged in Plaintiffs' Complaint, the two named Plaintiffs were employed by MJM as investigators. (Compl. ¶ 4). Specifically, MJM contends that DeHaan is a salaried, exempt, Special Investigations Unit ("SIU") Investigator, whereas, Freedman is an hourly, non-exempt Claims Investigator. Plaintiffs argue that, despite the titles, both Plaintiffs are non-exempt "investigators" who are entitled to overtime compensation. (Pls.' Statement ¶¶ 2,4). Plaintiffs bring this suit against MJM on behalf of salaried and hourly employees who were employed by MJM as "investigators."[3] Plaintiffs claim that they and the potential class members regularly worked in excess of sixty hours per week and/or eight hours per day, but received no or incomplete overtime compensation for the excess hours worked. (Compl. ¶ 4).

## III. JUDICIAL STANDARD

Under the Federal Rules of Civil Procedure, summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Upon such a showing, the Court may grant summary judgment "upon all or any part thereof." Fed. R. Civ. P. 56(a), (b).

To prevail on a summary judgment motion, the moving party must show there are no triable issues of fact as to matters upon which it has the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). On issues where the moving party does not have the burden of proof at trial, the moving party is required only to show that there is an absence of evidence to support the non-moving party's case. *See Celotex Corp.*, 477 U.S. at 326.

To defeat a summary judgment, the non-moving party may not merely rely on its pleadings or on conclusory statements. Fed. R. Civ. P. 56(e). Nor may the non-moving party merely attack or discredit the moving party's evidence. *Nat'l Union Fire Ins. Co v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). The non-moving party must affirmatively present specific admissible evidence sufficient to create a genuine issue of material fact for trial. *See Celotex Corp.*, 477 U.S. at 324.

---

[2] These facts are taken from Plaintiffs' Complaint, in addition to Defendant's Statement of Uncontested Facts and Conclusions of Law in Support of Its Motion for Summary Judgment ("Defs.' Facts") and Plaintiffs' Statement of Genuine Issues ("Pls.' Statement").

[3] Plaintiffs allege that Defendants offer services in such areas as Surveillance Investigations, Claims Investigations, Special Investigations, Fraud Prosecution, Training, Consulting, and Insurance Fraud Compliance Unit. (Compl. ¶ 12). Plaintiffs claim that regardless of title, all investigators perform the same primary function of investigating questionable claims and lawsuits. (Compl. ¶ 12).

## IV. DISCUSSION

### A. Administrative Exemption Under The FLSA

MJM claims that DeHaan, as a salaried SIU Investigator, is exempt from the overtime provisions under the FLSA administrative employee exemption. Thus, as a matter of law, summary judgment should be granted. In response, DeHaan argues that regardless of title, all investigators employed by MJM are non-exempt employees entitled to overtime compensation because they all perform essentially the same primary function of investigating questionable insurance claims. Therefore, at issue in this case is whether MJM has violated the overtime pay provisions of the FLSA, and more specifically, whether DeHaan's actual job duties falls within the administrative exemption. For the following reasons, MJM's motion for summary judgment as to this claim is denied.

As a preliminary matter, in order to assess the materiality of the facts in this case, and of those, which are in dispute, the Court must look to the regulations defining the administrative exemption. DeHaan relies on 29 U.S.C. § 207(a), which provides for pay at one and one-half times the employee's regular pay rate for each hour that an employee works in excess of the statutory 40 hour workweek. Similarly, MJM relies on the administrative exemption from the overtime provision that Congress authorized the Secretary of Labor to "define and delimit" by regulation. 29 U.S.C. § 213(a)(1); *Fanelli v. United States Gypsum Co.*, 141 F.2d 216, 218 (2d Cir. 1944) (upholding the delegation of authority to the Secretary of Labor with the task of developing the FLSA exemptions).

To prevail on its administrative exemption claim, MJM must establish that DeHaan meets each of the following three requirements: (1) DeHaan was paid a salary of not less than $455 per week; (2) whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance. *See* 29 C.F.R. § 541.200(a). The first requirement is generally referred to as the "salary test" while the last two requirements are referred to as the "duties test." *Reich v. Waldbaum, Inc.*, 52 F.3d 35, 39 (2d Cir.1995). The Court addresses each requirement in turn. For the following reasons, the Court finds that MJM fails to meet its burden.

#### 1. *The Salary Test*

Based on a review of the record, the Court finds no genuine dispute as to the first requirement. It is undisputed that throughout DeHaan's employment, he was paid a weekly salary that exceeded $455 per week. (Pls.' Statement ¶ 5; Faggart Decl. ¶ 3).

#### 2. *The Duties Test*

Under the second and third requirements, the job-related activities of the employees and their primary duties become material facts. Here, MJM must prove that SIU Investigators primarily perform office or non-manual work directly related to management policies or general business operations of MJM, and in so doing, exercise discretion and independent judgment.[4] Under the duties test, the Court

---

[4]The Secretary of Labor has defined the phrase "directly related to the management" as work "directly related to assisting with the running or servicing of the business," as compared to, for instance, "to working on a manufacturing production line or selling a product in a retail or service establishment." *See* 29 C.F.R. § 541.201(a). However, work directly related to management or general business operations includes, but is not limited to, work in functional areas such as . . . insurance." 29 C.F.R. §

finds that genuine issues of material fact remain with respect to the duties of SIU Investigators.

DeHaan's submission of the Department of Labor ("DOL") Opinion Letter of August 19, 2005 ("Opinion Letter") offers very little insight into the primary duties of an SIU Investigator, let alone, any "investigator" at MJM. (*See* Pls.' Statement, Ex. A). Throughout DeHaan's Opposition, his counsel repeats the mantra that the DOL's Opinion Letter concluded that "investigators" are not administrative employees. However, the Court's closer reading of the Opinion Letter reveals that the letter deals with "background investigators" with a different employer, unrelated to MJM, who performed entirely different duties. The DOL's analysis is premised "exclusively on the facts and circumstances described in [DeHaan's] request and is given on the basis of [DeHaan's] representation" concerning the "applicability of the administrative exemption . . . to *background investigators*." (Pls.' Statement, Ex. A at 18) (emphasis added).

In short, the Opinion Letter, for which DeHaan place great evidentiary emphasis, is irrelevant because nowhere in the Complaint, or current pleadings, affidavits, declarations or otherwise, are there any specific evidence to adequately show that DeHaan, or others similarly situated, were employed as "background investigators" for the Defense Security Service.

The declarations submitted by both parties further reflect the same factual dispute with respect to the activities of SIU Investigators. MJM asserts that SIU investigators "work at a desk, reviewing claim files and investigative reports" to "evaluate the claim . . . and form a judgment whether the claim may be fraudulent," as opposed to DeHaan's contention that the investigators are merely "fact-finders." (Faggart Decl. ¶¶ 4-9; Desai Decl. Ex. A). Undoubtedly, based on these contradictions and generalities, there is a factual dispute with respect to the nature of DeHaan's job and the duties he performed.

Even if the Court accepts the DOL's finding that "Investigators do not qualify as bona fide administrative employees" it does not conclusively show that all employees with such title are non-exempt employees entitled to overtime pay. An employee's job title is not determinative of his or her exempt status as administrative employee from overtime pay requirements. 29 C.F.R. § 541.2; *Cooke v. Gen. Dynamics Corp.*, 993 F. Supp. 56, 60 (D. Conn. 1997). Thus, a determination of the exempt or non-exempt status of an employee must be made on an individual basis that takes into account all of the pertinent facts relating to the actual work performed by the employee. *Id.* "A job title alone is insufficient to establish the exempt status of an employee." 29 C.F.R. § 541.2.

Accordingly, facts pertaining to the primary duties of the SIU Investigators are sufficiently muddled. Summary judgment, therefore, is not warranted on the issue of the applicability of the administrative exemption to the SIU Investigators.

**B.    Freedman's Claim for Uncompensated Overtime Hours Is Unwarranted**

Freedman asserts that, as a non-exempt investigator, she was not compensated for at least 18 hours of overtime work during each week in which she was employed by MJM. (Freedman Decl. ¶ 9). MJM, however, argues that Freedman was paid for all of her overtime hours for which she reported on

---

541.201(b). Moreover, an employee may qualify for the administrative exemption if the employee's primary duty is the performance of work directly related to the management or general business operations of the employer's customers. 29 C.F.R. § 541.201(c). As such, employees acting as advisers or consultants to their employer's clients or customers may be exempt. *Id.*

her time sheets to MJM. As such, the only remaining issue in the present case is whether MJM had knowledge of Freedman's uncompensated overtime work.

To be entitled to overtime compensation under the FLSA, the plaintiff's activities must be performed with the employer's knowledge. 29 C.F.R. § 785.12. In reviewing the extent of the employer's knowledge of overtime hours being worked, for purposes of FLSA liability, the court need only inquire whether circumstances were such that the employer either (1) had knowledge of the overtime hours being worked; or (2) had an opportunity through reasonable diligence to acquire knowledge. *Reich v. Dep't of Conservation and Natural Res., State of Ala.*, 28 F.3d 1076, 1082 (11th Cir. 1994). Here, MJM contends that it had no actual or constructive knowledge of Freedman's uncompensated overtime. The Court agrees.

"An employer who is armed with [knowledge that an employee is working overtime] cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation." *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir.1981). The court in *Forrester*, however, went on to state that if the "employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of § 207." *Id.* In *Forrester*, the appellate court affirmed the district court's grant of summary judgment for the employer because the employee turned in time sheets which did not include the overtime hours. The employee also did not demonstrate that the employer should have known that the employee worked more hours than those claimed on his time sheets. *Id; see also Newton v. City of Henderson*, 47 F.3d 746 (5th Cir. 1995) (holding that the employee was not entitled to unpaid overtime for the hours he did not claim on his time sheets).

Like *Forrester*, in the instant case, the undisputed facts show that Freedman was required to submit her work time on a daily basis through MJM's Extranet system and to provide in detail, among other things, the time she spent investigating, writing reports, and traveling from location to location. No evidence in the record showed that MJM employers knew that Freedman had been working uncompensated overtime hours. In fact, Freedman did not mention any unpaid overtime work to any MJM official and has produced no evidence that MJM inquired into the accuracy of the time sheets submitted by Freedman. Under these circumstances, the Court finds that no genuine issue exists as to the material fact that MJM had knowledge of Freedman's claimed uncompensated overtime hours.

Morever, Freedman fails to identify, in the record, any hour of work she was not paid. Instead, Freedman makes the bald assertion of fact in her declaration that she is owed money for 18 hours of overtime for each week she was employed for which she was not compensated. (Freedman Decl. ¶ 9). She admits, however, that she never reported those hours on her time sheets because MJM promulgated polices which prevented the submission of the overtime hours. The Court finds Freedman's contention unpersuasive. The only relevant evidence in the record to support her assertion that she worked the alleged overtime hours is her declaration, which is directly contradicted by her self-submitted time sheets. Under *White v. Washington Gas*, 2005 WL 544733, at *5 (D. Md. Mar. 4, 2005), the court held that summary judgment for the employer was proper where "[t]he only evidence in the record to support [plaintiff's] contention that he worked the claimed overtime hours is his affidavit, which is directly contradicted by his signed timesheets." As such, like the import decision in *White*, the Court finds that Freedman's declaration amounts only to a 'scintilla of evidence,' so summary judgment is appropriate." *Id; see also Bill Call Ford, Inc. v. Ford Motor Co.*, 830 F. Supp. 1045, 1950 (N.D. Ohio 1993) (holding that the plaintiff's affidavit contradicting his own correspondence, is only a scintilla of proof on this issue, rendering summary judgment appropriate).

Without question, MJM relied upon the time sheets submitted by Freedman in paying her, and in its attempt to comply with the provisions of the FLSA. Freedman is not entitled now to renounce the accuracy of the time sheets to the legal detriment of MJM.

For these reasons, MJM's motion for summary judgment as to Freedman's claim is granted.

### C. Plaintiffs' Motion for Summary Adjudication

The Court has considered Plaintiffs' Motion for Summary Adjudication on the issues of liquidated damages, FLSA's record keeping requirement, and FLSA liability. In light of the Court's above finding that there are genuine issues of material fact as to liability under the FLSA on MJM's Motion for Summary Judgment, the Court need not address the validity of these issues. Therefore, Plaintiffs DeHaan and Freeman's motion for summary adjudication, is denied.

## V. EVIDENTIARY OBJECTIONS

To the extent the Court relied on the parties' evidence, objections to that evidence are overruled.

## VI. CONCLUSION

In light of the foregoing, Defendant's Motion for Summary Judgment is **denied** with respect to Plaintiff DeHaan, and **granted** with respect to Freedman's claims. Moreover, Plaintiffs' Motion for Summary Adjudication is **denied**.

**IT IS SO ORDERED.**

Initials of Preparer    s/w